**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE     )
                            )
       v.                 )         I.D. No. 30900498DI
                            )
                            )
BRYANT GIBBS,         )
                            )
       Defendant.    )

Date Submitted: July 11, 2016
Date Decided: August 16, 2016

**ORDER DENYING BRYANT GIBBS' MOTION FOR APPOINTMENT OF POSTCONVICTION RELIEF COUNSEL**

Upon consideration of the motion for appointment of postconviction relief counsel filed by Defendant Bryant Gibbs ("Defendant"); Rule 61 of the Superior Court Rules of Criminal Procedure ("Rule 61"); the facts, arguments and legal authorities set forth in Defendant's motion; statutory and decisional law; and the entire record in this case, the Court finds as follows:

1. On August 8, 1989, Defendant was charged with thirty-six (36) felony offenses.

2. The jury found Defendant guilty of thirty-three (33) felony offenses.

3. By Order dated November 13, 1989, Defendant was sentenced. The effective date of the sentence imposed was December 26, 1988.

4. Defendant presented a direct appeal to the Delaware Supreme Court. The Delaware Supreme Court affirmed Defendant's conviction and sentence.

1

5.      Thereafter, Defendant has filed numerous motions for postconviction relief. The Superior Court has considered and denied Defendant's motions.

6.      On July 11, 2016, Defendant filed a motion for appointment of postconviction relief counsel pursuant to Rule 61 ("Defendant's Motion").

7.      Because Defendant has filed numerous motions for postconviction relief, Rule 61(e)(4) governs Defendant's Motion.[1]

8.      Under Rule 61(e)(4), the Court has discretion to appoint counsel for an indigent movant only if the movant (1) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (2) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction invalid.[2]

9.      Defendant is not entitled to appointment of counsel in connection with this matter. Defendant intends to seek postconviction relief for ineffective assistance of counsel. This ground for relief has already been considered in Defendant's previous motions for post conviction relief.[3] Moreover, Defendant

---

[1] Rule 61(e)(4) governs the appointment of counsel for second or subsequent motions for postconviction relief.

[2] Super. Ct. Crim. R. 61(e)(4); Super. Ct. Crim. R. 61(d)(2)(i-ii).

[3] *State v. Gibbs*, 1992 WL 52136, at *2 (Del. Super. Mar. 6, 1992), *aff'd,* 610 A.2d 724 (Del. 1992) (ORDER).

does not assert a claim of factual innocence or suggest that a new rule of constitutional law retroactively invalidities his conviction.[4]  Accordingly, Defendant's Motion does not present circumstances that warrant appointment of counsel.

**NOW, THEREFORE, this 16th day of August, 2016, Defendant's Motion for appointment of postconviction relief counsel is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

[4] *See* Super. Ct. Crim. R. 61(e)(4); Super. Ct. Crim. R. 61(d)(2)(i-ii).